UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROY AUSTIN SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:12-cv-299-WTL-WGH |
| ) | |
| CORRECTIOAL OFFICER LYTLE, ) | |
| CORRECTIONAL OFFICER ) | |
| TROTTER, CORRECTIONAL ) | |
| OFFICER STALEY, ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion for Summary Judgment**

Plaintiff Roy Smith, an inmate of the Wabash Valley Correctional Facility ("Wabash Valley") brings this action pursuant to 28 U.S.C. § 1983, alleging that the defendants violated his Eighth Amendment rights. The defendants move for summary judgment.

**Standard of Review**

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt,* 606 F.3d 355, 358 (7th Cir. 2010). If the nonmoving party fails to establish the existence of an essential element on

which he or she bears the burden of proof at trial, summary judgment is proper. *Massey v. Johnson,* 457 F.3d 711, 716 (7th Cir.2006).

## Facts

Consistent with the foregoing, the following statement of facts was evaluated pursuant to the standards set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Smith as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

Smith was incarcerated on the Secured Housing Unit ("SHU") at Wabash Valley on October 20, 2011. That day, Correctional Officers James Trotter and James Staley arrived at Smith's cell. Trotter directed Smith to put on his red one-piece jumpsuit. Smith put this jumpsuit on over the drawstring sweatpants he was already wearing. Smith was then placed in restraints required for offenders in the SHU when leaving that unit. These restraints include the person being handcuffed, having leg shackles placed around their legs, attaching a security black box over the handcuffs, and then securing the black box and handcuffs to a belly chain which goes around the person's waist. These restraints typically allow for enough movement by the person to be able to work zippers and buttons as needed and offenders typically have no issues with being able to use the restroom while in these restraints. Trotter and Staley have stated that they believed Smith should have been able to use the restroom while in these restraints. After he was fully secured, Smith was taken to a separate building within Wabash Valley and placed in a holding cell until his deposition in a civil case was ready to take place. Defendant Officer Lytle was at the deposition but was not involved in the transportation of Smith and has no knowledge as to the clothing that Smith was wearing underneath his jumpsuit. When the attorneys and court

reporter arrived for the deposition, Smith was removed from the holding cell and taken to the room where the deposition was to take place. At no time prior to the deposition did Smith indicate that he needed to use the restroom or express concern regarding his ability to use the restroom.

During the deposition, Smith asked Deputy Attorney General Donald Banta, the person conducting the deposition, "Can we take a five-minute break, Mr. Banta?" Mr. Banta responded by stating, "If you could just answer the question, then we can take a short break." Mr. Banta then re-asked his question and Smith answered. After that answer, a break was taken in the deposition. Trotter and Staley took Smith from the deposition room to the restroom. Lytle remained in the deposition room with the attorneys and court reporter. At no time during the walk towards the restroom did Smith indicate to Trotter or Staley that he had already urinated himself or that he was in danger of urinating himself. Staley and Trotter placed Smith inside the restroom and stood outside the door waiting for Smith to finish. While he was in the restroom, Smith asked Trotter and Stanley for assistance with his clothing to allow him to use the restroom, but assistance sufficient to allow Smith to successfully use the toilet was not provided. Smith then informed Trotter and Stanley that he had urinated on himself. The officers then escorted Smith back the deposition room. Trotter stepped inside the room and informed Lytle that Smith had urinated himself and that the deposition needed to be rescheduled. Smith was in view of the people in the deposition room. After the attorneys were informed of what had happened, they concluded the deposition and Trotter and Staley escorted Smith back to his cell. Upon arriving back at his cell, Smith washed himself off and changed his clothing.

## Discussion

The right implicated by Smith's claims is the Eighth Amendment's proscription against the imposition of cruel and unusual punishments. *Helling v. McKinney*, 509 U.S. 25, 31 (1993)

("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). There are two elements to establish a violation of the Eighth Amendment's cruel and unusual punishment clause: first, whether the injury is objectively sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities; and second, whether the prison official's subjective state of mind was deliberately indifferent to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson*, 501 U.S. at 304.

To satisfy the first element, "only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1991)). Here, Smith experienced a relatively short delay between the time he asked to use the restroom and was taken to the restroom. When he urinated on himself, the deposition was concluded and he was taken back to his cell and able to wash himself off and change clothes. Though it is unfortunate that Smith was dressed in gear that hindered his ability to use the restroom and did not get the help he needed, this is not a sufficient deprivation of his rights to rise to the level of an Eighth Amendment violation. *See Cunningham v. Eyman,* 17 Fed. Appx. 449, 454 (7th Cir. 2001) (inmate failed to establish an Eighth Amendment claim where he alleged that he urinated and defecated on himself and was forced to remain in his soiled clothing for four to five hours because the officers refused to remove his restraints so he could use the toilet); *Key v. McKinney,* 176 F.3d 1083, 1086 (8th Cir. 1999) (prisoner who was restrained in handcuffs and shackles for 24 hours, making it more difficult for him to relieve himself, did not suffer a constitutional violation); *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir. 1988) (temporary neglect of prisoner's hygienic needs is insufficient to establish an Eighth Amendment violation); *Samu v. Stewart*, 1:10-CV-857, 2011 WL 4064289 (W.D. Mich. June 6, 2011) *report*

*and recommendation adopted*, 1:10-CV-857, 2011 WL 4074781 (W.D. Mich. Sept. 13, 2011) (an isolated and relatively short delay in permitting a prisoner to use a restroom is not the sort of deprivation that implicates the Eighth Amendment).

Smith also asserts that his Eighth Amendment rights were violated when he was taken back to the deposition room after he urinated on himself because he was in view of others, including women, in his wet clothes. But the fact that the defendants escorted Smith to the deposition room for a brief time to notify the attorney of the need to conclude the deposition does not rise to the level of an Eighth Amendment violation. *See Dixon v. Godinez,* 114 F.3d 640, 643 (7th Cir. 1997) (duration of deprivation must be considered in determining whether condition of confinement is unconstitutional).

## Conclusion

For the reasons set forth above, Smith has not shown that the defendants were deliberately indifferent to his serious needs. Accordingly, the defendants' motion for summary judgment [dkt 32] must be **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: _01/29/2014_

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Roy Austin Smith
No. 6274
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

All electronically registered counsel